UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK W. STERLING,

        Petitioner,

v.                                   Case No. 14-cv-252-PP

MICHAEL A. DITTMAN,

        Respondent.

---

**DECISION AND ORDER DENYING
PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1)**

---

Petitioner Mark W. Sterling, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. His petition raises a number of Sixth Amendment ineffective assistance of trial and post-conviction counsel claims, a claim arising under the Confrontation Clause of the Sixth Amendment, and a claim that the state court judge who presided over his trial court proceedings was biased against him. For the reasons explained below, the court denies the petition.

I.    **BACKGROUND**

The following facts come from the Wisconsin Court of Appeals' decision affirming the petitioner's conviction on direct appeal. State v. Sterling, 2010 WI App 84, 787 N.W.2d 59, 326 Wis. 2d 265 ("Sterling I"), Dkt. No. 13-5. "On November 25, 2007, [Demetrius] Gaines was exiting his vehicle after parking it on the street in front of his home on West Custer Avenue in Milwaukee." Id.,

¶2. He saw "a dark colored SUV approaching him," which he recognized "as belonging to Shekita Bell. Bell testified that on November 25, 2007, she loaned her SUV to her cousin, Earl Stewart." <u>Id</u>. The SUV stopped about five to seven feet in front of Gaines, and when a door to the SUV opened, Gaines recognized a man named Charles Lamar pointing a gun at him. <u>Id.</u>, ¶3. Gaines also recognized the driver as the petitioner, and a man he knew as "Fat Dre" as one of the passengers in the car, along with another man he did not recognize. <u>Id.</u> "Gaines testified that Lamar instructed him to '[g]et in' the SUV and that he got into the back seat of the SUV behind the driver because: 'I didn't know if they was going to do anything to me right there or whatever. So, . . . I'm thinking to get in the car or get shot and killed right here. So, I chose to get in the car.'" <u>Id.</u>

The passengers in the car then questioned Gaines about the location of an assault rifle. <u>Id.</u>, ¶ 4. After Lamar put a gun to Gaines' head, Gaines "'rampaged the door'" and jumped from the SUV as it was moving." "Gaines testified that he 'fell in the street, . . . rolled about twice . . . got to [his] feet and started running towards traffic.'" <u>Id.</u>, ¶5. The SUV made a U-turn to follow him <u>Id.</u> Gaines heard gunshots as he ran toward traffic; he was hit by two cars, and then he "felt pain in his leg and fell." <u>Id.</u> After the SUV stopped next to him, Gaines "heard between four and six shots ring out. Gaines was ultimately shot four times-twice in the left leg, once in the right leg, and once in the lower back." He testified that "when he felt a burning sensation in his back, he put his 'head down like [he] was dead and that is when [he] heard them peel off.'" <u>Id.</u>

A detective met Gaines at the hospital on the night Gaines was shot. The detective testified that "Gaines was very cooperative during questioning and had no trouble responding to any of his questions." Id., ¶6. "[A]t trial Gaines denied remembering anything that he told the police," but the detective "testified that Gaines was able to identify Sterling and Lamar as passengers in the SUV and that Gaines was able to identify the SUV as belonging to Bell." Id.

The petitioner was charged with first-degree reckless injury and false imprisonment. Id., ¶7. At a pre-trial hearing, after the petitioner had informed the court that he had rejected the State's initial plea offer and intended to proceed to trial, the trial court and the prosecutor had the following discussion:

> THE COURT: Are these the charges [first-degree reckless injury and false imprisonment] the State is going forward on if he's going to trial?
>
> [PROSECUTOR]: Yes.
>
> THE COURT: Why not attempted murder?
>
> [PROSECUTOR]: Well, I thought under the circumstances this was the best way to proceed. I can reconsider. At this point this is-
>
> THE COURT: I mean if the State believes this happened the way that Mr. Gaines-Gaines, is that his name?
>
> [PROSECUTOR]: Yes.
>
> THE COURT: Gain[e]s said [it] did, that the people in the car did a U-turn, came back at him and were shooting at him and he got hit four times, why isn't that attempted murder with maybe a lesser included or an additional charge of first degree recklessly-reckless injury[?] I don't understand that myself, but-

[PROSECUTOR]: Well, Judge, there's time between now and trial. I'm certain those things will be considered yet again.

THE COURT: Well, there's not much time between now and trial.

[PROSECUTOR]: I understand.

THE COURT: Because there's not going to be a final pretrial.

Id.

"Approximately two and one-half months later . . . the prosecutor filed an amended information charging Sterling with attempted first-degree intentional homicide and false imprisonment." Id., ¶8. A jury found the petitioner guilty of attempted first-degree intentional homicide and false imprisonment. Id. The court sentenced him to serve thirty-six years of incarceration on the attempted first-degree intentional homicide charge (twenty-two years of initial confinement and fourteen years of extended supervision), and six years of incarceration on the false imprisonment charge (three years of initial confinement and three years of extended supervision, to be served concurrent to the sentence imposed on the attempted first-degree murder charge). Id., ¶9.

The petitioner then filed post-conviction motions arguing that he was deprived of an impartial tribunal, alleging that the trial court improperly interfered with the State's charging decision, and that his trial counsel rendered ineffective assistance by failing to object to the trial court's alleged improper interference with the State's charging decision. The trial court denied those motions. Id., ¶10.

The petitioner appealed his conviction and the trial court's denial of his post-conviction motions to the Wisconsin Court of Appeals. Id., ¶1. On appeal, the petitioner added a new claim, alleging "that he was deprived of his Sixth Amendment right to confront the witness against him when the trial court prohibited him from questioning Demetrius Gaines (the victim) about his motives for testifying." Id., The Wisconsin Court of Appeals rejected all of the petitioner's arguments and affirmed his convictions. Id. The Wisconsin Supreme Court denied review. Dkt. No. 13-7.

The petitioner then filed another post-conviction motion in the trial court, raising new claims of ineffective assistance of trial counsel and a claim that his post-conviction counsel was ineffective for failing to raise the claims of trial counsel's alleged ineffectiveness in his initial post-conviction proceedings. State v. Sterling, 2013 WI App 94, ¶4, 835 N.W.2d 290, 349 Wis. 2d 525 ("Sterling II"), Dkt. No. 13-11. The trial court denied those motions. Id., ¶6. The Wisconsin Court of Appeals affirmed on the ground that the petitioner had procedurally defaulted those claims by failing to support them with sufficient factual allegations. Again, the Wisconsin Supreme Court denied review. Dkt. No. 13-13.

## II.    ANALYSIS

### A.  Standards of Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") a state prisoner is entitled to seek *habeas* relief on the ground that he is being held in violation of federal law or the U.S. Constitution. 28 U.S.C. §2254(a). But

when a state court already has adjudicated the petitioner's claim on the merits, AEDPA precludes *habeas* relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Clearly established Federal law" refers to the holdings of the Supreme Court that existed at the time of the relevant state court adjudication on the merits. Greene v. Fisher, ___ U.S. ___, 132 S. Ct. 38, 44 (2011); Williams v. Taylor, 529 U.S. 362, 412 (2000). A decision is "contrary to" federal law if the state court applied an incorrect rule—*i.e.,* one that "contradicts the governing law" established by the Supreme Court—or reached an outcome different from the Supreme Court's conclusion in a case with "materially indistinguishable" facts. Williams, 529 U.S. at 405–06. A state court unreasonably applies federal law when it "identifies the appropriate standard but applies it to the facts in a manner with which a reasonable court would disagree." Etherly v. Davis, 619 F.3d 654, 660 (7th Cir. 2010) (citing Williams, 529 U.S. at 413, and Williams v. Thurmer, 561 F.3d 740, 742–43 (7th Cir. 2009) (per curiam)). "Mere error" is not enough to overcome AEDPA deference; instead, the state court's decision must be objectively unreasonable, Etherly, 619 F.3d at 660, meaning it is "beyond any possibility for fairminded disagreement," Mosley v. Atchison, 689 F.3d 838, 844 (7th Cir. 2012) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).

B. The Wisconsin Court of Appeals' Denial of the Petitioner's Claims of Ineffective Assistance of Trial Counsel Was Not an Unreasonable Application of Supreme Court Precedent.

In grounds one and four of the petition, the petitioner alleges two claims of ineffective assistance of trial counsel that are not procedurally defaulted and which this *habeas* court can review.[1] In ground one, he argues that his trial counsel was ineffective for failing to object to statements made by the trial judge during the pre-trial hearing, in which the court asked the prosecutor whether the facts of the case supported a heightened charge of attempted murder. In ground four, he argues that his trial counsel was ineffective for misleading him about whether the prosecutor could file an amended indictment and increase the charges against him.

1. *The petitioner's trial counsel was not ineffective for not objecting to the trial judge's comments to the prosecutor about the charges brought against the petitioner.*

The petitioner contends the trial court improperly interfered with the prosecutor's charging decision by commenting that the facts of the case appeared to support more severe charges than those initially brought against the petitioner. He alleges that his counsel rendered ineffective assistance by failing to object to the court's statements. Applying the standards from Strickland v. Washington, 466 U.S. 668 (1994), the Wisconsin Court of Appeals concluded that the petitioner did not succeed in showing that his trial counsel

---

[1] As discussed in Section E, *infra*, the petitioner alleged numerous other claims of ineffective assistance of trial and post-conviction counsel, most of which the petitioner procedurally defaulted in the state courts by failing to plead them with adequate specificity.

was ineffective, because the trial court's remarks were not improper and did not interfere with the prosecutor's decision to amend the indictment.

In order for this court to grant *habeas* relief on this claim, the court must conclude that the Wisconsin court decided this claim in a manner that was contrary to, or involved an unreasonable application of, the principles announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1994). Under Strickland, a claim of ineffective assistance of counsel has two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. The court's review under Strickland is deferential, and applying Strickland under the AEDPA (which itself also requires deference) results in a double level of deference to the state court determination. Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

The Wisconsin Court of Appeals' decision is not contrary to controlling Supreme Court precedent, because the court identified the proper legal standards under Strickland and evaluated the petitioner's ineffective assistance of counsel claims under those standards. Hinesley v. Knight, ___ F.3d ___, 2016 WL 4758437, *7 (7th Cir. Sep. 13, 2016). Nor was the Court of Appeals' ruling an unreasonable application of Strickland. The Wisconsin Court of

Appeals concluded that "the record is clear that the trial court did not explicitly order the prosecutor to amend the charges against" the petitioner. Id., ¶19. Rather, the appeals court characterized the trial court's remarks as an attempt "to ensure that if an additional charge was brought it was brought in a timely manner." Id., ¶20.

The Wisconsin Court of Appeals also concluded that the petitioner had "presented no evidence that the trial court's impromptu remarks actually affected the prosecutor's decision to amend the information." Id., ¶21. Having placed the trial court's remarks in context, and with no evidence that those remarks influenced the prosecutor's charging decision, the Wisconsin Court of Appeals characterized the petitioner's contention—that if his trial counsel had objected, it could have prevented the prosecutor from amending the charges— as "entirely speculative." Dkt. No. 13-5 at 10. The court finds no basis to conclude that the state court's resolution of this claim involves an unreasonable application of Strickland to the facts of the case. The court will deny this claim.

2. *The petitioner's trial counsel was not ineffective for failing to advise the petitioner that the prosecutor could file more severe charges before trial.*

The petitioner claims that he decided not to accept the state's offer to plead guilty to first-degree reckless injury because his trial counsel misled him into believing that the state could not upgrade the charges contained in the initial charging document. He raised this issue in the state courts through a post-conviction motion under Wis. Stat. §974.06, which the trial court denied after an evidentiary hearing. The Wisconsin Court of Appeals affirmed,

concluding that the claim lacked merit because (1) the petitioner's lawyer testified that he repeatedly advised the petitioner that the state could amend the charges if the petitioner did not accept the plea offer; and (2) the petitioner testified that he was present in court when the prosecutor stated that she was considering whether to amend the charges against the petitioner. Dkt. No. 13-11, at 6-7.

The court finds that the Wisconsin appellate court's decision is neither an unreasonable application of Strickland nor unreasonable in light of the evidence presented. The Wisconsin state court's factual findings are presumed to be correct. See 28 U.S.C. §2254(e)(1); Jean-Paul v. Douma, 809 F.3d 354, 360 (7th Cir. 2015) ("A state court's factual finding is unreasonable only if it ignores the clear and convincing weight of the evidence.") (internal quotation marks omitted). To overcome that presumption, the petitioner must demonstrate by clear and convincing evidence that the state court's determination is unreasonable. Coleman v. Hardy, 690 F.3d 811, 815 (7th Cir. 2012) ("After AEDPA, . . . the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.") (internal quotation marks omitted).

Based on the record, the court cannot conclude that the state court's factual determination that the petitioner's trial counsel did not mislead him about whether the state could file more severe charges before trial was unreasonable. The trial court held an evidentiary hearing on the petitioner's claim. At that hearing, the petitioner's trial counsel testified that he advised

Sterling on more than one occasion that the charges against Sterling could be amended if he did not accept the plea bargain. <u>Sterling II</u>, ¶13. The petitioner "testified that he was present in court when the prosecutor stated that she would be considering whether to amend the charges against him." <u>Id.</u> Based on this testimony, the trial court concluded that the petitioner's trial counsel had advised him that the charges against him could be increased, and denied relief on this claim. The Wisconsin appellate court concluded that the record supported the trial court's findings. The petitioner has not established that the state court's determination is unreasonable, and the court will deny *habeas* relief on this claim.

C. <u>The Wisconsin Court of Appeals Did Not Unreasonably Apply Controlling Supreme Court Precedent in Determining that the Trial Judge Was Not Biased Against the Petitioner.</u>

In ground two of the petition, the petitioner argues that the state trial judge "play[ed] the role of prosecutor and judge" by asking the assistant district attorney why the petitioner had not been charged with attempted murder. Dkt. No. 18 at 8. He contends that the trial judge acted "as the states [sic] advocate" by raising the question whether the facts of the case would have supported a more severe charge. <u>Id.</u> at 6. According to the petitioner, the state courts unreasonably applied clearly established Supreme Court precedent in concluding that the judge's comments to the prosecutor were not improper.

"[T]he appearance of justice is important in our system and the due process clause sometimes requires a judge to recuse himself without a showing of actual bias, where a sufficient motive to be biased exists." <u>Del Vecchio v. Ill.</u>

Dep't of Corr., 31 F.3d, 1363 1371 (7th Cir. 1994). "Every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the state and the accused denies the latter due process of law." Tumey v. Ohio, 273 U.S. 510, 532 (1927). However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. Id. Such remarks may, on the other hand, support a claim of bias or partiality "if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id.

The Wisconsin Court of Appeals concluded that the petitioner had failed to "demonstrate[] that the trial court was actually biased against him . . . [T]he trial court did not direct or order the prosecutor to amend the charges to include the attempted murder charge. The decision remained within the prosecutor's discretion." Sterling I, ¶26. That court also highlighted the fact that the trial judge did not express his opinion on what the facts of the case were, but rather "couched [his] question with the word 'if,' asking why the prosecutor was not charging attempted murder '*if* the State believes this

happened the way that Mr. Gaines . . . said it did.'" Id. The Wisconsin Court of Appeals also rejected the petitioner's arguments that the trial judge was biased against him, or appeared to be so, reasoning that the "trial court's use of the word 'if' demonstrates that the trial court had no actual opinion on Sterling's guilt but was merely trying to ensure that justice was fairly and efficiently administered."

This court cannot conclude that the Wisconsin Court of Appeals' determination was unreasonable. The trial court's question to the prosecutor did not reflect the judge's opinion as to the facts of the case or the petitioner's guilt or innocence; the question was based on the factual scenario laid out by the prosecution. The trial court's question demonstrates that the trial court was attempting to understand the prosecution's charging decision, not to influence it, and also was trying to make sure that the prosecution was aware of the looming trial date. Nothing in the transcript shows that the trial court was biased against the petitioner or had an interest in a particular outcome. The court will deny relief on this claim.

D. The Wisconsin Court of Appeals Did Not Unreasonably Apply Controlling Supreme Court Precedent in Determining that the Trial Court did not Violate the Petitioner's Confrontation Clause Rights.

In ground three of the petition, the petitioner alleges that the trial court violated his Sixth Amendment right to cross-examine a state's witness regarding whether the witness expected leniency in exchange for his testimony against the petitioner. In Washington v. Texas, 388 U.S. 14, 19 (1967), the Supreme Court held:

> The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

In <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 678 (1986), the Supreme Court stated that "[t]he Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him . . . *to secure for the opponent the opportunity of cross-examination.*" (citing <u>Davis</u>, 415 U.S. 308, 315-16 (1974) (internal quotations and citations omitted). But, the Court said, this did not mean that trial judges could not impose any limits on cross-examination: "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." <u>Id.</u> at 679. Thus, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" <u>Id.</u> (quoting <u>Delaware v. Fensterer</u>, 474 U.S. 15, 20 (1985)). A Sixth Amendment violation occurs when the defendant shows that he was denied the opportunity to elicit testimony that would be "relevant and material to the defense." <u>United States v. Vasquez</u>, 635 F.3d 889, 895 (7th Cir. 2011) (citing <u>United States v. Williamson</u>, 202 F.3d

974, 979 (7th Cir.2000). But "the denial of the opportunity to cross-examine an adverse witness does not fit within the limited category of constitutional errors that are deemed prejudicial in every case." <u>Fensterer</u>, 474 U.S. at 682.

Here, the petitioner claims that the trial court erred when it prohibited him from cross-examining Gaines about whether he expected leniency from the prosecutor or the trial court in exchange for testifying against the petitioner at trial. As the Wisconsin Court of Appeals explained, when the petitioner went to trial, "Gaines was also facing criminal charges, pending before the same court presiding over [the petitioner's] case, for being a felon in possession of a firearm." <u>Sterling I</u>, ¶32. The petitioner contends that he should have been able to ask Gaines on cross-examination whether Gaines believed that he would receive leniency in his criminal case if he testified against the petitioner. The trial court found that this information was irrelevant and refused to allow the petitioner to cross-examine Gaines as to his motive for testifying against the petitioner.

On appeal, the Wisconsin Court of Appeals recognized "that evidence of pending charges against a witness, even absent promises of leniency, may reveal 'a prototypical form of bias.'" <u>Id.</u>, ¶36 (quoting <u>State v. Barreau</u>, 2002 WI App 198, ¶55, 257 Wis. 2d 203, 651 N.W.2d 12). That court reasoned, however, that this case was different, because Gaines was not merely a witness, but the *victim* of the crime for which the petitioner was on trial. The court also found that Gaines' testimony was consistent with the statement that he had given to police immediately after the shooting and days before the police found him in

possession of a weapon. The court noted that Gaines had no leniency agreement with the prosecutor, so the petitioner's "theory that the mere *hope* for leniency could make Gaines a bias or partial witness when weighed against the violence perpetrated against him by Sterling and his co-actors is simply not reasonable." Id., ¶39.

This court cannot conclude that the Wisconsin Court of Appeals' decision was contrary to or an unreasonable application of Supreme Court precedent. That court recognized that a criminal defendant's right to cross-examine witnesses against him is guaranteed by the Sixth and Fourteenth Amendments. Although that court did not expressly rely on Supreme Court decisions involving the Confrontation Clause in its analysis, the cases that court cited for the applicable legal standards—Barreau and Stuart—did, and the court concludes that the state court evaluated the petitioner's claims using the correct standard.

The court further concludes that the Wisconsin Court of Appeals' decision did not unreasonably apply Supreme Court precedent in deciding that the trial court did not err by preventing the petitioner from cross-examining Gaines about the criminal charges he was facing at the time of trial. The right to cross-examination is not unfettered, and the trial court had the discretion to limit confusing or irrelevant cross-examination. Because Gaines' testimony tracked his original statement to the police, and because he and the prosecutor had no agreement under which Gaines would receive leniency in exchange for his testimony, the court concludes that the Wisconsin Court of Appeals did not

16

unreasonably conclude that the trial judge correctly precluded cross-examination into this issue.[2] Accordingly, the court will deny *habeas* relief on this claim.

E. This Court Cannot Review the Petitioner's Remaining Claims of Ineffective Assistance of Counsel Because They Were Procedurally Defaulted in the State Post-Conviction Proceedings.

The respondent argues that the court cannot review the petitioner's remaining claims of ineffective assistance of trial and post-conviction counsel (grounds five through thirteen of the petition), because his motion under §974.06 failed to plead his claims with sufficient specificity, were not reviewed on the merits in state court, and thus were procedurally defaulted. The court agrees.

A claim is procedurally defaulted—and barred from federal review—if the last state court that rendered judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). In other words, a federal *habeas* court

---

[2] The Wisconsin Court of Appeals also concluded that even if the petitioner's Confrontation Clause rights had been violated, the error would have been harmless. Id., ¶40 (citing State v. Stuart, 2005 WI 47, 279 Wis. 2d 659, 695 N.W.2d 259). Because the court has concluded that the Wisconsin Court of Appeals' conclusion that the trial court did not violate the petitioner's rights under the Confrontation Clause was not unreasonable, the court will not evaluate the state court's harmless error finding as an alternative basis for its decision.

may not review a petitioner's claims when a state court has declined to review them on the merits "pursuant to an independent and adequate state procedural rule," unless the petitioner can demonstrate either cause for the default and resulting prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

Federal courts will not entertain questions of federal law in a §2254 petition when the state procedural ground relied upon in the state court "is independent of the federal question and adequate to support the judgment." <u>Id.</u>, 501 U.S. at 729. The independent and adequate state ground doctrine serves the doctrines of federalism and comity, because "when a federal habeas court releases a prisoner held pursuant to a state court judgment that rests on an independent and adequate state ground, it renders ineffective the state rule" and "ignores the State's legitimate reasons for holding the prisoner." <u>Id.</u> at 730.

An independent state ground exists "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." <u>Thompkins v. Pfister</u>, 698 F.3d 976, 986 (7th Cir. 2012) (citing <u>Kaczmarek v. Rednour</u>, 627 F.3d 586, 592 (7th Cir. 2010)). A state law ground is adequate "when it is a firmly established and regularly followed state practice at the time it is applied." <u>Id.</u> When considering whether a state court decision rests on a state procedural default, federal courts are to look to "the last *explained* state court judgment." <u>Ylst</u>, 501 U.S. at 805.

The Wisconsin Court of Appeals' June 4, 2013 opinion affirming the trial court's denial of the petitioner's second set of §974.06 motions is the "last explained state-court judgment," so the court looks to the reasoning in that opinion to adjudicate the petitioner's present *habeas* petition. Id. In affirming the circuit court's denial of the petitioner's §974.06 motion, the Wisconsin Court of Appeals relied on the rule set forth in the Wisconsin Supreme Court's decision in State v. Balliette, which governs whether or not a petitioner is entitled to an evidentiary hearing in connection with a §974.06 motion. State v. Sterling, 2004 WI 106, ¶¶8-9, 274 Wis. 2d 568, 682 N.W.2d 433. Quoting Balliette, the court evaluated whether the petitioner's "'motion raise[d] sufficient facts that, if true, show[ed] that the [petitioner] [was] entitled to relief . . . .'" Id., ¶8 (quoting Balliette, 2011 WI 79, ¶¶63-65, 349 Wis. 2d 525, 835 N.W.2d 332). The trial court denied all but one of the petitioner's claims without a hearing. The court of appeals concluded that the petitioner's ineffective assistance of post-conviction counsel claims "fell short" because they amounted to a "general assertion" that his post-conviction counsel was ineffective. Id., ¶10.

The ineffective assistance of post-conviction counsel can constitute a sufficient reason for failing to raise an ineffective assistance claim on direct appeal or in a prior motion. Sterling II, ¶7 (citing State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 681-62, 556 N.W.2d 136, 140 (Ct. App. 1996)). The Wisconsin Court of Appeals concluded, however, that Sterling's §974.06 motion did not satisfy Balliette because it did not demonstrate *why* it was

deficient performance for post-conviction counsel not to raise these issues <u>Id.</u>, ¶10. Because the Wisconsin Court of Appeals clearly relied on <u>Balliette</u>'s procedural rule in concluding that Sterling's §974.06 motion was insufficient to entitle him to a hearing or state a claim for relief, the court finds that the <u>Balliette</u> rule is an independent state ground for denying Sterling's remaining ineffective assistance of counsel claims.

The court's review of the adequacy of <u>Balliette</u>'s procedural requirements as a state ground for denying relief "is limited to whether it is a firmly established and regularly followed state practice at the time it is applied." <u>Lee v. Foster</u>, 750 F.3d 687, 694 (7th Cir. 2014). The Seventh Circuit previously has answered this question, stating that this "rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate." <u>Id.</u> (citing <u>State v. Negrete</u>, 343 Wis. 2d 1, 819 N.W.2d 749, 755 (2012); <u>State v. Balliette</u>, 336 Wis. 2d 358, 805 N.W.2d 334, 339 (2011); <u>State v. Love</u>, 284 Wis. 2d 111, 700 N.W.2d 62, 68–69 (2005); <u>State v. McDougle</u>, 347 Wis. 2d 302, 830 N.W.2d 243, 247–48 (Ct. App. 2013)). Consequently, the court finds the state procedural requirement relied upon by the Wisconsin Court of Appeals to be both an independent and adequate for denying relief.

The court cannot review the petitioner's remaining ineffective assistance of counsel claims on the merits because they are procedurally defaulted; the petitioner has not shown cause and prejudice to excuse his default nor has he shown that a fundamental miscarriage of justice will result if the court does not review his defaulted claims on the merits.

### III. The Court Will Not Issue A Certificate Of Appealability.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id., 529 U.S. at 484. Where a district court dismisses a *habeas* petition based on procedural grounds without reaching the underlying constitutional claims, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Each showing is a threshold inquiry; the court need address only one component if that particular showing will resolve the issue. Id. at 485.

In the present case, the court concludes that its decision to deny the petition is neither incorrect nor debatable among jurists of reason. Therefore, the court does not issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons explained above, the court the court **DENIES** the petition, Dkt. No. 1, and **DISMISSES** the case. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of February, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge